**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUCY SCHNABEL, EDWARD SCHNABEL<br>and BRIAN SCHNABEL, Individually and On<br>Behalf of All Others Similarly Situated, | ) ) ) ) | CIVIL ACTION NO.<br>3:10-cv-00957-JCH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| TRILEGIANT CORPORATION, A Delaware<br>Limited Liability Company; and AFFINION, INC.,<br>A Delaware Corporation, | ) ) ) ) | |
| Defendants. | ) ) | September 7, 2010 |

_____ )

### F.R.C.P. 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:  June 17, 2010

Date Complaint Served: July 2, 2010

Date of Defendants' Appearance: August 23, 2010

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Local Civil Rules 16 and 26, the parties

held their conference on September 2, 2010.  The participants were:

Patrick A. Klingman, James C. Shah, and Rose F. Luzon for Plaintiffs, Lucy Schnabel,
Edward Schnabel, and Brian Schnabel (collectively "Plaintiffs")

James H. Bicks and Kenneth M. Kliebard for Defendants, Trilegiant Corporation, Inc.
and Affinion Group, Inc. (collectively, "Defendants")

**I.    Certification:**

The undersigned counsel certify that, after consultation with their clients, they have

discussed the nature and basis of the parties' claims and defenses and any possibilities for

achieving a prompt settlement or other resolution of the case and, in consultation with their

clients, have developed the following proposed case management plan.  Counsel further certify

that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction:

### A.  *Subject Matter Jurisdiction*

The parties agree that this Court has jurisdiction over this action under 28 U.S.C.

§ 1332(d) and also pursuant to the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1964.

### B.  *Personal Jurisdiction*

The parties agree that this Court has personal jurisdiction over all parties.

## III.   Brief Description of Case:

### A.  *Claims of Plaintiff*

This class action is brought by Plaintiffs alleging violations of RICO, 18 U.S.C. §§

1961-1968; the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq*.; California

Business and Professions Code §§ 17200, *et seq*.; California Business and Professions Code §§

17500, *et seq*.; California Civil Code §§ 1750, *et seq*.; Connecticut General Statutes §§ 42-110a,

*et seq*.; and common law.  These claims are based on Plaintiffs' contention that Defendants

initiate electronic fund transfers from consumers' credit, debit, or other accounts and enroll them

into Defendants' membership programs without first obtaining a valid authorization for such

transfers.[1]  Plaintiffs seek to represent a nationwide class of persons, as well as a subclass of

---

[1]   Defendants' membership programs include, *inter alia*:  Shoppers Advantage; Travelers
Advantage; AutoVantage; Buyers Advantage; Privacy Guard (a/k/a "Credit Alert");
HealthSaver; Netmarket.com; and Great Fun (collectively, "Membership Programs").
Complaint,  ¶ 22.  Plaintiffs allege that Defendants unlawfully enrolled them in the "Great Fun"
program.  Complaint, ¶ 13, 14.

California residents, who have been charged for one or more of Defendants' Membership Programs from February 15, 2008 to the present.  By and through this action, in addition to seeking monetary relief for those consumers who have been so charged, Plaintiffs also seek to enjoin Defendants' allegedly wrongful practice of enrolling consumers into their Membership Programs without proper consent and to correct Defendants' marketing and advertising of the same.

B.    *Defenses and Claims of Defendants*

Defendants contend that each of Plaintiffs' claims are without merit, and are improperly being pursued in this Court, on the following grounds, as well as others.

As an initial matter, Defendants maintain that all of Plaintiffs' claims are subject to a mandatory arbitration agreement between the parties that was included as a contractual term and condition as part of Plaintiffs' enrollment in Defendants' membership programs.

Defendants further maintain that all of Plaintiffs' legal claims are factually meritless because Trilegiant received and obtained from Plaintiffs valid authorizations to enroll in the membership programs that are the subject of Plaintiffs' claims.

Defendants further deny that Affinion Group, Inc. (improperly sued as Affinion, Inc.) is a proper defendant in this action.  Affinion is the parent company of Trilegiant, which is the entity that actually provides the marketing, advertising, and membership enrollment that is the subject of this lawsuit.  Defendants deny that the allegations of alter ego or conspiracy are legally or factually sufficient to hold Affinion liable for the claims asserted in the Complaint.

As to Plaintiffs' first cause of action, RICO Section 1962(c), and Plaintiffs' second cause of action, RICO Section 1962(d), Defendants contend those claims also fail because, among

other things, Plaintiffs have failed to allege sufficiently the existence of a RICO enterprise, failed

to allege sufficiently a separate "person" and "enterprise," and failed to plead a "pattern of

racketeering activity." Defendants further contend that the RICO allegations are insufficient

because Plaintiffs have not adequately alleged the predicate acts of mail and wire fraud both as a

substantive matter and also by failing to allege the supposed fraud with particularity as required

by Fed. R. Civ. P. 9(b). In addition, Defendants assert that the RICO claims are insufficiently

pled under the heightened pleading requirements imposed by *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Defendants assert that Plaintiffs' third cause of action, Section 2510 *et seq*. of the

Electronic Communications Privacy Act, is without merit. Among other things, Defendants

contend that they did not enroll Plaintiffs and members of the putative class without proper

consent, and thus there is no factual support for this claim, and further, Defendants deny that they

improperly intercepted any protected communication under ECPA.

As to Plaintiffs' fourth cause of action, the Connecticut Unfair Trade Practices Act,

Defendants deny that they improperly enrolled Plaintiffs in any membership programs, and

therefore deny any liability to Plaintiffs under CUTPA. Defendants also contend that Plaintiffs'

CUTPA fraud-based allegations fail to meet the requirements imposed by Fed. R. Civ. P. 9(b).

With respect to Plaintiffs' fifth cause of action, the California Consumer Legal Remedies

Act, Defendants deny that they engaged in the substantive conduct asserted by Plaintiffs. In

addition, as to the supposedly unconscionable provisions in the parties' contracts, as an

additional defense Plaintiffs had an alternative choice of goods and services that invalidates the

unconscionability claim.

-4-

Defendants also contend that Plaintiffs' sixth cause of action, alleged violations of California's false advertising law as codified in California Business and Professions Code §§ 17203, 17205, and 17500, fails because Defendants deny that any statements made by them in connection with the membership enrollments asserted in the Complaint were untrue or misleading.  Defendants also contend that the fraud-based allegations asserted by Plaintiffs to support this claim fail to meet the heightened pleading requirements imposed by Fed. R. Civ. P. 9(b).

As for Plaintiffs' seventh cause of action, California's Unfair Competition Law, Defendants deny they are liable because the UCL claim is predicated on the above statutory violations, each of which Defendants believe are without support.  In addition, Defendants deny that they engaged in any unfair or deceptive business practices, and further state that Defendants possess valid membership enrollments from the named Plaintiffs.  Defendants also contend that the fraud-based allegations asserted by Plaintiffs to support this claim fail to meet the heightened pleading requirements imposed by Fed. R. Civ. P. 9(b).

Finally, with respect to Plaintiffs' eighth cause of action, unjust enrichment, Defendants contend this claim is without merit because, among other reasons, the parties' relationship is governed by an express contract.  The existence of the express contract bars any claim for unjust enrichment.

## IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  At this time, the parties have agreed that the following material facts are undisputed:

1.      Defendant, Affinion Group, Inc., sued as Affinion, Inc., is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

2.      Defendant, Trilegiant Corporation, Inc., is a Delaware corporation with its principal place of business in Norwalk, Connecticut and is a wholly owned subsidiary of Defendant, Affinion Group, Inc.

3.      Defendants have marketed, advertised and sold Membership Programs for goods and services in the United States at all times pertinent to this action, including, but not limited to, the Great Fun program.

4.      Beginning on or about September 21, 2009, until February 19, 2010, Defendants charged the United Mileage Plus credit card of Plaintiffs, Lucy Schnabel and Edward Schnabel, for Defendants' Great Fun program.

5.      Beginning on or about December 20, 2008, until May 21, 2010, Defendants charged the CitiDiamond Preferred credit card of Plaintiff, Brian Schnabel, for Defendants' Great Fun program.

V.      **Case Management Plan**

A.  *Standing Order on Scheduling in Civil Cases.*  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below:

1.      Defendants shall file a motion to compel arbitration of all of Plaintiffs' claims on or before September 29, 2010.

2.      Plaintiffs shall file their opposition to the motion to compel arbitration on or before October 19, 2010.

3.       Defendants shall file any reply brief in support of the motion to compel

arbitration on or before November 2, 2010.

4.    Following the Court's order adjudicating the motion to compel arbitration, in the event the motion is denied, then the parties will meet within 10 days to agree to a schedule for the filing of any motion for class certification, the completion of all discovery, the production of merits-based expert reports, dispositive motions and pre-trial deadlines, which will be filed with the Court within 14 days of such meeting.  Soon thereafter, the parties will request that the Court set a status conference to establish further dates for the completion of this action.

B.    *Scheduling Conference with the Court.*  The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), but do request a scheduling conference after the Court issues a ruling on the motion to compel arbitration and the parties submit the above-referenced proposed scheduling order to the Court.

C.    *Early Settlement Conference.*

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  The parties do not believe that settlement is likely at this time, and therefore do not believe that an early settlement conference would be helpful at this time.

D.    *Joinder of Parties and Amendment of Pleadings.*  The dates for filing any motions to join additional parties and to amend the pleadings shall be set forth in the proposed scheduling order.

E.    *Discovery.*

1.    Plaintiffs anticipate that discovery will be needed on the following subjects:

a.   the advertising, marketing and sale of Defendants' Membership Programs;

b.   Defendants' charging and billing practices for their Membership Programs;

c.   any agreements between Defendants and on-line retailers for the marketing of Defendants' Membership Programs, and monetary payments or other remuneration made and/or received by Defendants relating thereto;

d.   complaints of unauthorized enrollment in and charges for Defendants' Membership Programs;

e.   Defendants' complaint-handling policies and procedures for their Membership Programs;

f.   Defendants' knowledge of the wrongful conduct alleged in the Complaint;

g.   the circumstances of Plaintiffs' enrollment into Defendants' Great Fun program and their discovery of the same; and

h.   the damages and other relief sought by Plaintiffs.

2.   Defendants anticipate that discovery will be needed on the following subjects:

a.   Plaintiffs' class allegations;

b.   the circumstances of Plaintiffs' enrollments in Trilegiant's Membership Programs;

-8-

      c.     the facts underlying all of Plaintiffs' claims;

      d.     Plaintiffs' computation of damages; and

      e.     any other issues that may arise.

3.     The parties have agreed to stay the commencement of discovery pending Defendants' anticipated motion to compel arbitration.  The parties believe a stay is desirable in order to conserve judicial resources and the resources of the parties in the event arbitration (with its more limited discovery) is ordered.  To the extent issues relating exclusively to the requirements of Federal Rule of Civil Procedure 23 can be identified, discovery relating to those issues shall have a priority over discovery relating to other issues.

4.     The parties anticipate that discovery will be completed in accordance with a scheduling order to be proposed to the Court following the ruling on Defendants' motion to compel arbitration.

5.     Plaintiffs anticipate that they will require at least four (4) depositions of fact witnesses, including, but not limited to, Nathaniel J. Lipman, Todd Siegel, Albert Fino, and Leonard Ciriello.  Additional depositions of fact witnesses identified during the course of discovery may also be necessary.  Defendants anticipate that they will require a minimum of three (3) depositions of fact witnesses, and possibly additional depositions depending on information learned during discovery.

6.     The parties do not anticipate that they will request permission to exceed the 25 interrogatory limit, including subparts.

7.     The parties will call expert witnesses at trial and propose the parties be required to designate all trial experts and provide opposing counsel with reports from retained

experts based upon a schedule to be worked out by the parties.  The parties will address the sequence of scheduling of expert discovery as part of the schedule discussed above in Paragraph (A)(4).

   8. Plaintiffs will provide a damages analysis consistent with the deadline for producing merits-based expert reports to be addressed at the status conference set forth above.

   9. At the conference to be held by the parties following the Court's ruling on Defendants' motion to compel arbitration, in the event the motion is denied, the undersigned counsel will discuss the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties will negotiate an agreement governing the protocol in which electronically stored information will be addressed in the parties' respective discovery requests and responses thereto.

   10. The undersigned counsel will also discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, which will be provided in the protocol set forth above. The parties will attempt to negotiate and agree upon a stipulation that will address these and other confidentiality issues.

 F. *Dispositive Motions.*  To be addressed at the status conference set forth above.

 G. *Joint Trial Memorandum.*  To be addressed at the status conference set forth above.

**VI.     Trial Readiness:**

       The parties propose that the case be ready for trial at a date to be set by the Court at the status conference set forth above.

       As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**VII.    Completion of Rule 26(f) Conference:**

       The undersigned counsel certify that the parties promptly completed the conference required by Fed. R. Civ. P. 26(f) and this report as soon as they were able to and consistent with the schedule ordered by the Court.  As the parties have completed the required conference and report and proposed a schedule to expeditiously prepare this case for adjudication on the merits, Plaintiffs and Defendants respectfully request that the Court approve the proposed schedule.

Dated: September 7, 2010

SHEPHERD, FINKELMAN, MILLER &
SHAH, LLP


By:    /s/ Patrick A. Klingman
        PATRICK A. KLINGMAN (CT 17813)
        JAMES E. MILLER (CT 21560)
        KAREN M. LESER-GRENON (CT 23587)
        SHEPHERD, FINKELMAN, MILLER &
        SHAH, LLP
        65 Main Street
        Chester, CT 06412
        Telephone:  (860) 526-1100
        Facsimile:  (860) 526-1120
        Email: jmiller@sfmslaw.com
             pklingman@sfmslaw.com
             kleser@sfmslaw.com

        DAVID A.BURKHALTER, II
        BURKHALTER, RAYSON & ASSOCIATES, P.C.
        P.O. Box 2777
        Knoxville, TN 37901
        Telephone:  (865) 524-4974
        Facsimile:  (865) 524-0172
        Email:  david@burkhalterrayson.com

        JAMES C. SHAH (Admitted Pro Hac Vice)
        NATHAN C. ZIPPERIAN
        SHEPHERD, FINKELMAN, MILLER &
        SHAH, LLP
        35 East State Street
        Media, PA 19063
        Telephone:  (610) 891-9880
        Facsimile:  (610) 891-9883
        Email: jshah@sfmslaw.com
             nzipperian@sfmslaw.com

ROSE F. LUZON (Admitted Pro Hac Vice)
SHEPHERD, FINKELMAN, MILLER &
SHAH, LLP
401 West A Street, Suite 2350
San Diego, CA  92101
Telephone:  (619) 235-2416
Facsimile:  (619) 234-7334
Email:  rluzon@sfmslaw.com

***Attorneys for Plaintiffs and the
Proposed Class***

Dated: September 7, 2010

WIGGIN & DANA LLP


By:     /s/ James H. Bicks
        JAMES H. BICKS
        THOMAS F. CLAUSS, JR.
        WIGGIN & DANA LLP
        400 Atlantic Street
        P.O. Box 110325
        Stamford, CT 06901
        Telephone:  (203) 363-7622
        Facsimile: (203) 363-7676
        Email: jbicks@wiggin.com
               tclauss@wiggin.com


        KENNETH M. KLIEBARD
        HOWREY LLP
        321 North Clark Street, Suite 3400
        Chicago, IL 60654-2402
        Telephone: (312) 595-2255
        Facsimile: : (312) 264-0362
        Email: KliebardK@howrey.com

        *Attorneys for Defendants, Trilegiant Corporation,*
        *Inc. and Affinion Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2010. a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick A. Klingman_____
Patrick A. Klingman (ct17813)