# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUCY SCHNABEL, EDWARD SCHNABEL and BRIAN SCHNABEL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | CIVIL ACTION NO. 3:10-cv-00957-JCH |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| TRILEGIANT CORPORATION, a Delaware Limited Liability Company, and AFFINION, INC., a Delaware Corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Trilegiant Corporation ("Trilegiant") and Affinion Group, LLC (Affinion), by their attorneys, respond and object to Plaintiffs' First Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

1.     Defendants object to Plaintiffs' Requests for Production to the extent they call for information, seek discovery, or attempt to impose any obligations beyond that permitted by the Federal Rules of Civil Procedure or the Rules and Orders of this Court.

2.     Defendants object to Plaintiffs' Requests for Production to the extent they seek information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Defendants will identify specific documents withheld on these grounds (if any) in a forthcoming privilege log.

3.     Defendants object to Plaintiffs' Requests for Production to the extent they seek the disclosure of information or documents that contain or constitute trade secrets, proprietary

information, or other confidential business information without appropriate restrictions on disclosure and dissemination that are embodied in a protective order entered by the Court.

4.      Defendants object to Plaintiffs' Requests for Production to the extent they seek the disclosure of information or documents that would violate the rights of privacy of third parties, including Defendants' customers, or that would result in the disclosure of confidential or personal information of third parties, without appropriate restrictions on disclosure and dissemination that are embodied in a protective order entered by the Court.

5.      Defendants object to the definition of "You" in the Requests for Production to the extent that it seeks to impose upon Defendants the obligation to produce documents that are not in Defendants' possession, custody, or control.  These responses are made on behalf of Defendants only, and are limited to documents within Defendants' possession, custody, or control.

6.      Defendants object to the request for a "destruction log."  This request seeks to impose upon Defendants an obligation beyond that authorized by the Federal Rules of Civil Procedure.

7.      Defendants object to the definition of "Relevant Time Period" in the Requests for Production because it is overbroad and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to producing any documents that fall outside the dates of Plaintiffs' proposed Class Period, *i.e.*, February 15, 2008 through the present.

8.      Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Among other things, that definition does not

distinguish between membership programs that are owned and operated by Defendants and those

that are not.

9.      A statement that Defendants will produce documents responsive to a request shall

not be construed as a representation that such documents exist.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents provided to the United States Senate's Committee on Commerce,
Science, and Transportation (the "Committee") in connection with the Committee's November
16, 2009 Report entitled "Aggressive Sales Tactics On The Internet And Their Impact On
American Consumers."

**RESPONSE:** Defendants object to this Request because it is overbroad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, to the extent that this Request seeks documents that do not

fall within the Class Period.  Defendants further object to this Request because it improperly

presupposes that the scope of discovery in the Senate investigation is the same as in this lawsuit,

and presupposes that the issues in the two matters were the same.

### REQUEST FOR PRODUCTION NO. 2:

Exemplars of all sales materials, promotional materials and advertisements, including,
but not limited to, print, radio and television advertisements, packaging, product labeling,
internet and website and point of sale literature which in any way refer to depict, and/or
discuss the Membership Programs, including all versions and drafts.

**RESPONSE:**  Defendants object to this Request to the extent that this Request seeks

documents that do not fall within the Class Period.  Defendants further object that the terms

"exemplars," "sales materials," and "promotional materials" are vague and ambiguous.

Defendants object to the definition of Membership Programs because it is vague, ambiguous,

overly broad, and designed to seek information that is neither relevant nor likely to lead to the

discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:**

Exemplars of all packaging, labeling, instructions, package inserts and informational brochures relating to the Membership Programs, including all versions, drafts and revisions.

**RESPONSE:**  Defendants object to this Request to the extent that this Request seeks documents that do not fall within the Class Period.  Defendants further object that the term "exemplar" is vague and ambiguous.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents which evidence, memorialize, summarize or discuss any decision about how to market or advertise the Membership Programs in the United States.

**RESPONSE:**  Defendants object to this Request because it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all organizational charts reflecting your agents or employees whose responsibilities include the marketing and advertisement of the Membership Programs.

**RESPONSE:**  Defendants object to this Request because it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek

4

information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents regarding inquiries, complaints or communications regarding the Membership Programs.

**RESPONSE:** Defendants object to this Request because it is overbroad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.   Read literally, this Request calls for all communications

generated by Defendants, externally or internally, and all communications directed to Defendants

regarding Defendants' business.  Defendants object to the definition of Membership Programs

because it is vague, ambiguous, overly broad, and designed to seek information that is neither

relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all copies of each of your individual web pages (and prior web pages) relating to each of the Membership Programs and each individual web page linked at any time to those web pages.

**RESPONSE:** Defendants object to this Request because the term "prior web page" is

vague and ambiguous and, to the extent that it requests web pages that may have been in use

outside of the Class Period, is also overbroad and unduly burdensome.  Defendants further object

to the extent that this Request seeks documents that do not fall within the Class Period.

Defendants object to the definition of Membership Programs because it is vague, ambiguous,

overly broad, and designed to seek information that is neither relevant nor likely to lead to the

discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents summarizing the net sales attributable to the sale of the Membership Programs in the United States.

**RESPONSE:**  Defendants object to this Request because it is unintelligible.  In particular, the phrase "net sales attributable to the sale of the Membership Programs" is vague and ambiguous and does not reasonably identify the documents that are requested.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents summarizing the costs attributable to the sale of the Membership Programs in the United States.

**RESPONSE:**  Defendants object to this Request because the term "costs" is vague and ambiguous.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all monthly, quarterly, semi-annual and annual financial reports reflecting revenues, profits and/or losses from the sale of the Membership Programs in the United States.

**RESPONSE:**  Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**EQUEST FOR PRODUCTION NO. 11:**

Any and all documents and communications relating to or concerning periodic (annual, monthly, weekly, etc.) financial budgets or plans regarding revenues, profits and/or losses from the sale of the Membership Programs in the United States.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period. Defendants further object that the phrase "financial budgets or plans regarding revenue, profits and/or losses from the sale of the Membership Programs" is vague, ambiguous, and does not reasonably identify the documents that are requested. Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents reflecting agreements between third parties and Defendant related to the Membership Programs.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period. Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all manuals, scripts or training materials related to contacts or complaints from consumers regarding the Membership Programs, including charges for the Membership Programs.

**RESPONSE:**  Defendants object to this Request because it is overbroad and seeks documents that are neither relevant nor reasonably likely to lead to the discovery of admissible information.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.   Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents provided to consumers who purportedly signed up for the Membership Programs.

**RESPONSE:**  Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.   Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR  PRODUCTION NO. 15:**

Any and all documents reflecting protocols related to representatives of Defendant's interaction with consumers who expressed their intent to cancel their enrollment in the Membership Programs.

**RESPONSE:**  Defendants object that the term "protocols" is vague and ambiguous. Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

8

**EQUEST FOR PRODUCTION NO. 16:**

Any and all documents which reflect Defendant's procedures for verifying consumers' enrollment in the Membership Programs.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents which identify or contain a comprehensive list of the Membership Programs.

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents related to the Membership Programs used in presentations made to third-party business entities.

**RESPONSE:**  Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks every document ever used in a presentation made by Defendant to another business, regardless of the subject matter or purpose of the meeting.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.   Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all promotional materials related to the Membership Programs given or presented to third-party business entities.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Defendants further object to this Request to the extent that

it seeks documents that do not fall within the Class Period. Defendants object to the definition of

Membership Programs because it is vague, ambiguous, overly broad, and designed to seek

information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents reflecting complaints received from customers and/or consumers.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, in that it seeks all documents relating to "complaints,"

regardless of the subject matter, product, or service involved. Defendants further object to this

Request to the extent that it seeks documents that do not fall within the Class Period.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents reflecting contacts with Defendant initiated by customers and/or consumers.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, in that it seeks literally every communication ever made by

a customer, potential customer, or any other person to Defendants, regardless of the subject

matter of the communication. Defendants further object to this Request to the extent that it seeks

documents that do not fall within the Class Period.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents reflecting correspondence addressed to Defendant from customers and/or consumers.

**RESPONSE:**  Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks literally every written communication ever made by a customer, potential customer, or any other person to Defendants, regardless of the subject matter of the communication.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents which reflect the rate at which members use the benefits purportedly gained through enrollment in the Membership Programs.

**RESPONSE:**  Trilegiant objects to this Request to the extent that it seeks documents that do not fall within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all training documents, scripts or manuals provided to employees of Defendant who work in the call center(s).

**RESPONSE:**  Defendants object to this Request because it is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible information.  Defendants further object to this Request to the extent that it seeks documents that do not fall within the Class Period.

**REQUEST FOR PRODUCTION NO. 25:**

The document entitled "Great Fun Merged Product Script."

**RESPONSE:**  Defendants object to this Request to the extent that it seeks documents that do not fall within the Class Period.  Subject to and without waiving this objection, Defendants will produce documents responsive to this Request at a mutually agreeable time and place and subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents which reflect consumers' affirmative election to enroll in the Membership Programs.

**RESPONSE:**  Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request because it is vague and ambiguous and does not reasonably identify the documents requested.  Defendants further object to this Request to the extent that it seeks documents that are not within the Class Period.  Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents related to Lucy Schnabel.

**RESPONSE:** Defendants object to this request to the extent that it seeks documents that are within Plaintiffs' possession, custody, or control.  Subject to and without waiving this objection, Defendants will produce documents related to Lucy Schnabel's enrollment in Great Fun at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all documents related to Edward Schnabel.

**RESPONSE:** Defendants object to this request to the extent that it seeks documents that are within Plaintiffs' possession, custody, or control. Subject to and without waiving this objection, Defendants will produce documents related to Edward Schnabel's enrollment in Great Fun at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents related to Brian Schnabel.

**RESPONSE:** Defendants object to this request to the extent that it seeks documents that are within Plaintiffs' possession, custody, or control. Subject to and without waiving this objection, Defendants will produce documents related to Brian Schnabel's enrollment in Great Fun at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all documents relating to cancellations by consumers purportedly enrolled in the Membership Programs, including documents reflecting the amount of time a consumer was enrolled in the Membership Program before his or her cancellation.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents that are not within the Class Period. Defendants object to the definition of Membership Programs because it is vague, ambiguous, overly broad, and designed to seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all documents reflecting incentive payments to employees of Defendant who work in its call center(s).

**RESPONSE:** Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents that are not within the Class Period.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents relating to the criteria for calculating incentive payments to employees of Defendant who work in its call center(s).

**RESPONSE:** Defendants object to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents that are not within the Class Period.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all documents which you contend support any affirmative defense you have or will be asserting.

**RESPONSE:** Defendants will produce non-privileged documents responsive to this Request at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all documents relating to your policies or procedures with respect to the retention or destruction of documents.

**RESPONSE:** Defendants object to this Request to the extent that it seeks documents that are not within the Class Period. Subject to and without waiving this objection, Defendants will produce documents responsive to this Request at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all insurance policies which may, in part or in whole, cover some portion of any judgment entered in this matter.

**RESPONSE:** Defendants will produce documents responsive to this Request at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all documents produced in discovery by Defendant in *Pederson v. Trilegiant Corporation,* Case No. 01 L 1126 (Madison County, Illinois Cir. Ct.), which relate to the issues and claims alleged in this matter.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of relevant information. Defendants further object to this Request because the

qualification "which relate to the issues and claims alleged in this matter" is vague and

ambiguous. Defendants further object to this Request because it seeks documents that are not

within the Class Period. Defendants also object to this Request because it improperly

presupposes that the scope of discovery in *Pederson* is the same as in this lawsuit, and

presupposes that the issues in the two matters were the same.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents produced in discovery by Defendant in *Nordberg v. Trilegiant Corporation,* Case No. C-05-3246-MHP (N.D. Cal.), which relate to the issues and claims alleged in this matter.

**RESPONSE:** Defendants object to this request because it is overly broad, unduly

burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to

the discovery of relevant information. Defendants further object to this Request because the

qualification "which relate to the issues and claims alleged in this matter" is vague and

ambiguous.  Defendants further object to this Request because it seeks documents that are not

within the Class Period. Defendants also object to this Request because it improperly

presupposes that the scope of discovery in *Nordberg* is the same as in this lawsuit, and

presupposes that the issues in the two matters were the same.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all documents produced in discovery by Defendant in *Schnickel v. Chase Manhattan Mortgage Corporation, Inc.,* Case No. MID-L-5931-6 (Middlesex County, New Jersey Super. Ct.), which relate to the issues and claims alleged in this matter.

**RESPONSE:**  Defendants object to this Request because it improperly presupposes that the scope of discovery in *Schnickel* is the same as in this lawsuit, and presupposes that the issues in the two matters were the same.  Further answering, Trilegiant and Affinion were not defendants in the *Schnickel* lawsuit, and did not produce any documents in the lawsuit.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all documents produced in discovery by Defendant in *Power v. GMAC Mortgage Corporation,* Case No. 06 CH 14917 (Cook County, Illinois Cir. Ct.), which relate to the issues and claims alleged in this matter.

**RESPONSE:**  Defendants object to this Request because it improperly presupposes that the scope of discovery in *Power* is the same as in this lawsuit, and presupposes that the issues in the two matters were the same.  Further answering, Trilegiant and Affinion were not defendants in the *Power* lawsuit, and did not produce any documents in the lawsuit.

Dated:  April 21, 2011

Respectfully submitted,

By: _____
       Thomas F. Clauss, Jr.
       James H. Bicks
       WIGGIN and DANA LLP
       400 Atlantic Avenue
       Stamford, Connecticut 06911
       Telephone:  (203) 363-7610
       Facsimile:  (203) 363-7676

       Kenneth M. Kliebard
       Gregory T. Fouts
       MORGAN, LEWIS & BOCKIUS LLP
       77 West Wacker Drive, Suite 500
       Chicago, Illinois  60601-5094
       Telephone:  (312) 324-1000
       Facsimile:  (312) 324-1001

## CERTIFICATE OF SERVICE

I, Kenneth M. Kliebard, hereby certify that I served the foregoing Defendants' Responses and Objections to Plaintiffs' Requests for Production of Documents on all counsel of record by United States mail, postage prepaid, this 21st day of April, 2011.

_____

Kenneth M. Kliebard