# EXHIBIT B

Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Kenneth M. Kliebard**
Partner
312.324.1774
kkliebard@morganlewis.com

May 25, 2011

**VIA E-MAIL**

Mr. Patrick Klingman
Shephard, Finkelman, Miller & Shah
65 Main Street
Chester, CT 06412

    Re:   *Schnabel et al. v. Trilegiant et al.*, No. 10-cv-0957 (D. Conn.)

Dear Patrick:

This letter follows up on our meet and confer discussion of May 2, 2011, in which we discussed Defendants' responses and objections to Plaintiffs' first requests for production of documents. Based upon our discussions, Defendants will produce documents as follows.

**Request Nos. 1, 36-39.** These document requests seek "any and all documents" produced by Defendants to the United States Senate's Committee on Commerce, and in lawsuits brought against Defendants years ago. As we informed you, we believe that such broad, undifferentiated requests for all documents produced in prior proceedings are improper without some explanation of how the issues in the prior proceedings are relevant to the current lawsuit and why, in any event, Plaintiffs would categorically be entitled to all documents of whatever nature produced in those other matters. You agreed to make this request more specific by providing us with a list of categories of documents you believe are relevant to this lawsuit, and we agreed to review the prior productions to see what, if any, documents from those productions fall into the categories you identify. We have not yet received such a list from you.

**Request Nos. 2 and 3.** Defendants will produce documents responsive to these requests relating to the Great Fun program in which Plaintiffs Edward Schnabel and Brian Schnabel enrolled.

**Request No. 4.** You clarified that this request calls for documents that disclose how Defendants market their products to consumers and attempt to convince them to enroll in their

Morgan Lewis
COUNSELORS AT LAW

Mr. Patrick Klingman
May 25, 2011
Page 2

membership programs. Defendants refer you to our responses and the documents Defendants will be providing in response to Nos. 2-3, 12, 14, 16, 18, 31-32.

**Request No. 5.** You told us that Plaintiffs are seeking to learn who was in charge of marketing strategy and who made the decisions to employ particular marketing methods. In lieu of producing organizational charts, Defendants propose identifying one or more "persons most knowledgeable" about marketing strategies. Please let us know if you are agreeable to proceeding in this fashion.

**Request No. 6.** We regard this request as overbroad, because it is not limited to complaints that have some relation to the allegations in the complaint (*i.e.*, complaints by consumers who allege that they did not consent to enroll in Great Fun or who were enrolled without their knowledge). We also believe that this request seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Plaintiffs have or will be provided with documents and enrollment screens detailing the process by which consumers enrolled in the Great Fun program, including the disclosures made by Defendants at that time.

**Request No. 7.** Defendants agreed to produce all web pages and linked pages for the Great Fun program in which Plaintiffs Edward Schnabel and Brian Schnabel enrolled.

**Request Nos. 8-11.** You said the kind of financial information you are asking for is generally the kind discussed in the Senate report, *i.e.*, how much revenue and profit Defendants earned from selling their products. As we discussed in our call, Defendants believe that financial information of this kind is relevant (if at all) only to the issue of damages, and is premature at this point, when no class has been certified.

**Request No. 12.** You clarified that this request seeks marketing agreements or similar agreements between Defendants and their third party marketing partners. We are considering this revised request and will get back to you no later than Friday.

**Request No. 13.** We did not specifically discuss this request in our meet and confer call. We reiterate our prior objections to this request.

**Request No. 14.** You clarified that this request seeks documents that were provided to customers by any means after they enrolled in the Membership Programs. Defendants will produce such responsive documents relating to the Great Fun program in which Plaintiffs Edward and Brian Schnabel enrolled.

**Request No. 15.** You clarified that this request seeks documents related to Defendants' procedures for handling cancellation requests, and that the request does not seek documents specific to any particular customer. As clarified, we believe that this request seeks documents

**Morgan Lewis**
COUNSELORS AT LAW

Mr. Patrick Klingman
May 25, 2011
Page 3

that are neither admissible nor reasonably likely to lead to the discovery of relevant information. Plaintiffs' complaint challenges the means by which Defendants enrolled them in the Great Fun program. It does not challenge Defendants' post-enrollment services. When Edward and Brian Schnabel requested cancellation of their Great Fun memberships, Defendants complied with their request and ceased all further charges, consistent with the Great Fun membership agreement, and further provided refunds. We do not understand Plaintiffs to challenge this cancellation, and therefore we do not believe that Defendants' procedures for handling cancellation requests are relevant to any issue in the case.

**Request No. 16.** You told us that this request seeks documents relating to all kinds of enrollment methods, *e.g.*, online, direct mail, telemarketing, etc. We reiterate that we believe that this request is overbroad because Plaintiffs' complaint deals only with allegedly deceptive marketing by means of on-line data pass, which is a very specific type of marketing that differs markedly from other forms of marketing, such as telemarketing and direct mail. Defendants will produce documents responsive to this request (if any) relating to this form of marketing.

**Request No. 17.** Defendants will produce a list of the membership programs owned and operated by Defendants.

**Request No. 18.** You clarified that Plaintiffs are seeking documents that would have been used in presentations to marketing partners or prospective marketing partners (and not, *e.g.*, documents used in presentations to investors or potential investors). We will produce documents responsive to this request related to presentations to Beckett.com and Priceline.com for the Great Fun program.

**Request No. 19.** You said this request could be treated the same as Request No. 18, and we refer you to our response above.

**Request No. 20.** You said that request could be treated the same as Request No. 6, and we refer you to our response above.

**Request Nos. 21-22.** We agreed that these requests are subsumed into Request Nos. 6 and 20, and we refer you to our responses above.

**Request No. 23.** Following our discussion, we reiterate that we do not believe that documents related to "the rate at which members use the benefits" offered by the membership programs are potentially relevant to any claim or defense in this lawsuit. As with any product or service, some people who buy it will use it, and some will not. This says little if anything about how the product was marketed. Further, for a program such as Great Fun, Trilegiant is unaware of the actual rate at which members avail themselves of the benefits offered by the program, given that the program benefits are available through downloadable coupons and through discounts provided directly by merchants to Great Fun members.

**Morgan Lewis**
COUNSELORS AT LAW

Mr. Patrick Klingman
May 25, 2011
Page 4

    **Request No. 24.**    We agreed that this request is subsumed into Request No. 13 for present purposes. We refer you to our response above.

    **Request No. 25.**    We agreed to produce this document.

    **Request No. 26**.    We agreed that this request is subsumed into Request No. 16, and we refer you to our response above.

    **Request Nos. 27-29.**    We agreed to produce documents responsive to these requests.

    **Request No. 30.**    You said this request calls for relate to a "metric" that comes out of the Senate report. We continue to believe that this request is overbroad and that the documents requested are not potentially relevant to any claim or defense in this lawsuit. In particular, a member could cancel his or her membership for any number of reasons, nor does the amount of time a customer was enrolled in a membership program say anything about how the program was marketed.

    **Request Nos. 31-32.**    You clarified that Plaintiffs seek documents regarding any incentives call center employees can receive based on their interactions with clients. We continue to believe that any such documents are not potentially relevant to any claim or defense in this lawsuit. Nevertheless, we are investigating to determine whether any such incentives were even provided, and will get back to you on that issue shortly.

    **Request Nos. 33-35**.    We agreed to produce documents responsive to these requests.

Because the documents Defendants will produce may contain information that is confidential and/or proprietary, or may contain private information about Defendants' customers, we intend to produce documents subject to the entry of an appropriate protective order. We regard Judge Hall's standing protective order as sufficient for this purpose. Please let me know if Plaintiffs agree to proceed pursuant to Judge Hall's standing protective order.

As we have discussed, Defendants will produce responsive documents on a rolling basis beginning within the next one to two weeks. Of course, we are available to discuss any questions or concerns you may have regarding the issues raised in this letter.

                          Sincerely,

                          Kenneth M. Kliebard

KMK/h